Robert E. Noonan, J.
This is a summary proceeding brought pursuant to section 25 of the General Corporation Law, seeking to set aside the alleged election of the respondent, Frank J. Maguire, as a director and the alleged election of the respondents, Albert P. Williams, Ernst A. Williams, Karl D. Williams and Frank J. Maguire, as officers of Williams Brothers Company. The respondents seek to have these elections confirmed. The petitioners are the owners and holders of the majority of the stock of the corporation. The elections, which are the subject of this proceeding, were held on October 25, 1956, at the place of business of the corporation, in Lockport, New York.
By reason of the resignation of one of the members of the board of directors of the corporation a vacancy existed and a meeting of the stockholders of the corporation was duly and legally called to amend the by-laws and also to fill that vacancy. Before the resignation the board of directors consisted of five persons. It would appear that the remaining four directors, pursuant to the by-laws, as they then were, attempted unsuccessfully to fill the vacancy.
At the meeting of the stockholders on October 25, 1956 the by-laws of the corporation were first amended to permit the stockholders by majority vote to fill vacancies on the board of directors where such vacancy was not filled by the remaining members of the board of directors for a period of 30 days. After this had been accomplished, two persons were then nominated : Ella R. Williams and Frank J. Maguire. All of the issued and outstanding stock of the corporation was represented at the meeting held by the owners thereof or designated proxies. As the result of the voting Ella R. Williams received 2,062 votes and Frank J. Maguire 1,884. During the course of the voting for a director to fill the vacancy, James R. Williams, the largest stockholder, owning 1,400 shares, and who east his votes for Ella R. Williams, was challenged as to his right to vote. No specific reason was given for the challenge. The challenge was not recognized and the vote was as indicated and Ella R. Williams was declared duly elected. At this point the respondent, Maguire, questioned the legality of the declaration of the election of Ella R. Williams and indicated that he would have more to say about it later. Again, however, no reason or intimation was given with respect to the original challenge or the questioning of the legality of the declaration of election. At this point, upon motion duly made, seconded and carried, the stockholders’ meeting adjourned. After the adjournment and, as indicated by the papers submitted upon this motion, after two of the stockholders had left, for the first time the *258 respondent, Maguire, disclosed that his challenge to the vote of James B. Williams was based upon section 20 of the General Corporation Law, which requires an oath to be taken, in the event of challenge, to establish that the votes of the challenged stockholder in effect have not been sold. The petitioner, James B. Williams, upon being advised of the reasons for the challenge, suggested that the meeting be reopened and expressed his willingness to take the oath required by section 20. The respondents refused to consent to such' reopening, suggesting that new notices would be required and pointing out that two of the stockholders had already left the meeting. The respondent, Maguire, thereupon insisted that the challenged votes of James B. Williams, since the oath had not been taken, as required by section 20, could not be counted and he was, therefore, the duly elected director of the corporation. At the directors’ meeting which followed immediately the respondent, Maguire, participated as a director and voted upon various corporate matters, including the election of officers.
The answer of the respondents to the petition and the voluminous affidavits submitted to support it, if assumed to be true in every detail, set forth facts of stock ownership maneuvering and a struggle for control of the corporation which are regrettable indeed. However, the only question before this court is whether qr not the election for the vacancy on the board of directors was conducted in a proper, regular and fair manner. This court cannot be concerned with the internal workings of the corporation or struggle for control or management, even though it may be assumed that such conduct, as claimed by the respondents, did furnish a motive for their actions.
The respondents approached and participated in this stockholders’ meeting with the feeling that they were faced with the possibility of diminution or even ouster from management of the corporation. Thus, they conceived the use of the challenge of vote without disclosure of reason as a means to avoid this result. It is obvious from all the papers submitted on behalf of the respondents and from the answer to a question of the court at the time of argument that the respondents did not Think or claim the challenged voter had violated section 20 and thus could not comply with that section. It is equally obvious they were aware that had a disclosure of a reason for the challenge been made, the voter challenged would have complied with section 20. Therefore, the challenge was used in this manner only as a technicality to circumvent the will • of the majority stockholders and to protect the interests of the minority stockholders in their quest for continued control of the corporation by management and otherwise,
*259 This court does not feel that judicial sanction can be given to such procedure. This is not a question of the result of the election being unsatisfactory to the petitioners but rather the question is was the election fair, free from suspicion and not clouded in doubt. This court concludes under the circumstances here existing that justice and fair play require a new election to fill the vacancy on the board of directors created by the resignation of Ferdinand B. Williams, to be held at the place of business of the corporation, on the 3d day of December, 1956, at 7:30 p.m., pursuant to section 2 of article 2 of the by-laws of the corporation, as amended, upon notice to all stockholders, pursuant to section 2 of article 1 of said by-laws.
It follows that a new election of officers should likewise be had, and it is so ordered; said election to be had, pursuant to section 1 of article 3 of the corporation by-laws, at a meeting of the directors immediately following the election of one director to fill the vacancy existing, as hereinbefore provided.
Submit order accordingly.